CLERK'S OFFICE U.S. DIST. COURT
• AT DANVILLE, VA
FILED
SEP 28 2010
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TIMOTHY R. MUELLER, )<br>    Plaintiff, ) | Civil Action No. 7:10-cv-00239 |
| v. ) | **MEMORANDUM OPINION** |
| JOHN M. JABE, )<br>    Defendant. ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff Timothy R. Mueller, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff subsequently filed a motion for the appointment of counsel, motion to certify a class action, and a motion to change venue. After reviewing these motions, I deny his requests.

A.

Plaintiff has offered proof of his indigence, pursuant to 28 U.S.C. § 1915(b). While I may request counsel to represent an indigent litigant under § 1915(e)(1), I do not have authority under that section to require an attorney to represent an indigent, civil plaintiff because I do not have authority to compensate counsel for the work done on such a case. See Mallard v. United States District Court, 490 U.S. 296, 309 (1989) (applying prior version of § 1915(d)); Ivey v. Harney, 47 F.3d 181, 185 (7th Cir. 1995) ("We know from [Mallard] that a court may not order even a member of its bar to donate services to a plaintiff in an action under 42 U.S.C. § 1983."). However, under exceptional circumstances, I have discretion to <u>request</u> an attorney to represent an indigent, civil plaintiff. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The Fourth Circuit has identified two factors to be considered in determining whether such exceptional circumstances exist in a given case: (1) the type and complexity of the case and (2) the ability of the individual to present it. Mallard, 490 U.S. at 309; Whisenant v. Yuam, 739 F.2d 160, 163

(4th Cir. 1984), abrogated on other grounds.

Plaintiff argues that I should appoint counsel for him in this case because he is poor, imprisoned, and not familiar with the legal system. I find that the case is not presently complex and plaintiff's circumstances, which virtually every inmate could assert, are not sufficiently exceptional to justify appointment of counsel in this case. Accordingly, I deny plaintiff's motion to appoint counsel. Plaintiff may renew his motion for appointment of counsel in the event that this case is set for a hearing or trial.

B.

Plaintiff also moves for certification of a class action on behalf of other Roman Catholic inmates imprisoned under the control of the Virginia Department of Corrections, and he filed an associated motion to amend the complaint to reference this new class. While class actions are appropriate in § 1983 litigation, Kirby v. Blackledge, 530 F.2d 583, 588 (4th Cir.1976), a class can not be certified if a pro se litigant purports to act as a representative of the class, Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975). See Fed. R. Civ. P. 23(a)(4) (requiring class members to fairly and adequately protect the interests of the class). Accordingly, the pro se plaintiff can not bring this suit as a class action, and I deny his motion for class action certification and deny as moot his motion to amend the complaint to join this class.

C.

Plaintiff filed a motion to change venue, pursuant to 28 U.S.C. § 1404(a). Plaintiff initially filed this action in the Roanoke division, but he believes that venue should be in the Lynchburg division. However, the court's standing order number 2010-1, entered February 24, 2010, assigns all pro se prisoner actions to the Roanoke Division. See Fed. R. Civ. P. 83(a).

Therefore, venue is presently proper in the Roanoke Division, and I deny plaintiff's motion to change venue.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 28th day of September, 2010.

                                        Senior United States District Judge